# STATE SUPREME COURT
## NEW CASES, PROCEEDINGS AND DECISIONS

## Weekly Report of
## NEW CASES DOCKETED

### INDEX OF CASES DOCKETED

B. & O. R. R. Co et v. Fish-Lybarger Co..19088
CNO & TP Ry. Co. v. Oyler et....19093-19094
Charles v. Allard .....................19100
Combs et v. Norman .................19097
Com. Cas. Co. v. Smith ..............19098
Fouts v. State ........................19091
Hocking Valley Ry. v. Kontner........19092
Kuhn v. Cincin. Traction Co...........19105
Maidlow et v. Sentinel Pub Co........19099
Mercantile Sec. & Ind. v. Savage........19090
Ross et v. Adams Mills Rural School Dist 19096
Royal Ind. Co. v. Day & Maddock Co..19104
Smith et v. Campbell .................19107
State ex v. Brown ....................19106
Tol, Fost. & Find. Ry. v. Tol & O. Cent..19089
Vollrath v. Marshall .................19101
Weinland v. Tidball .................19095

### APRIL 25, 1925

19104—Royal Indemnity Co. v. Day & Maddock Co; Motion to certify. Cuyahoga Appeals. Baker, Hostetler & Sidlo, Cleveland for pltf; Thompson, Hine & Flory, Cleveland, for deft.

19105—George Kuhn v. Cincinnati Traction Co.; Motion to appeal Hamilton Appeals; also petition in error. Roettinger & Street, Cincinnati, for pltf; Freiberg, Avery & Simmonds, Cincinnati, for deft.

### APRIL 27, 1925

19106—State of Ohio ex Charles C. Janes, v. Thad H. Brown, Sec of State. In Mandamus. J. F. Atwood and C. D. Saviers, Columbus, and Walter D. Meals, Cleveland, for pltf; C. C. Crabbe, Atty. Genl., Columbus, for deft.

19107—John H. Smith, Charles Smith, et, as partners v. Elmer Campbell. Motion to certify to Putnam Appeals. A. G. Fuller, Findlay, and R. S. Steiner, Lima, for pltf; Wm. Klinger, Lima, and J. P. Leasure, Ottawa, for deft.

### APRIL 22, 1925

19088—Baltimore & Ohio R. R. Co et al v. Fish-Lybarger & Co., a partnership; Motion to certify Lucas Appeals. Denman, Wilson, Miller & Wall, Toledo, for pltf; Doyle & Lewis Toledo, for deft.

19090—Mercantile Security & Indemnity Association Inv. v. Emmet L. Savage, as Supt. of Insurance of Ohio; error to Court; Montgomery Appeals. Matthews & Matthews, Dayton, for pltf; C. C. Crabbe, C. S. Younger, Columbus, for deft.

### APRIL 23, 1925

19091—A. H. Fouts v. State of Ohio; Motion to certify. Perry Appeals. T. B. Williams, New Lexington, for pltf; J. W. Dugan, Vincent Tague, New Lexington, for deft

19092—Hocking Valley Railway Co. v. Bert F. Kontner; Motion to certify; Franklin Appeals. Wilson & Rector, F. C. Amos Columbus, for pltf; Pugh & Pugh, Columbus, for deft.

19093—C. N. O. & T. P. Ry Co. v. Charles C. Oyler et al, partners; Motion to certify. Hamilton Appeals. Harmon, Colston, Goldsmith & Hoadly, Cincinnati, for pltf.; Hightower & O'Brien, Cincinnati, for defts.

19094—The C. N. O. & T. P. Ry. Co. v. Chas Oyler et al, partners; Motion to certify. Hamilton Appeals. Same attys.

### APRIL 24, 1925

19095—Edgar L. Weinland, Administrator vs. Fred L. Tidball; Motion to certify. Franklin Appeals. Weinland, Kahle & Atwood, Columbus and J. B. McGilvray, Kansas City, Mo., for pltf; Henry A. Williams and C. E. Schumacher, Columbus, for deft.

19096—Robt. W. Ross et v. The Adams Mills Rural School Dist. Motion to certify. Muskingum Appeals. C. B. Hunt, Coshocton, Frazier & Frazier, Zanesville, for pltfs; Clarence J. Crossland, Pros. Atty., Zanesville, and C. O. Turner, Pros. Atty. Coshocton, for defts.

19097—John Combs and W. H. Gray v. Ida M. Norman; Motion to certify. Muskingum Appeals. Graham & Graham, Zanesville, for pltfs; Harry C. Wine and P. M. Ashbaugh, Zanesville, for deft.

19098—Commonwealth Casualty Co. v. Ina M. Smith; Motion to certify. Muskingum Appeals. Graham & Graham, Zanesville, for pltf; Meyer & Crossan, Zanesville, for deft.

19099—John T. Maidlow and A. P. Sandles v. Sentinel Pub Co et. In re Dissolution. Motion to certify. Putnam Appeals. A. A. Slaybaugh, Leipsic, and Roby & Jackson, Lima, for pltfs; H. P. Eastman, Ottawa, for deft.

19100—Edward Charles v. Leonard Allard. Motion to certify. Crawford Appeals. v. Ahl, Bucyrus, for pltfs; W. J. Shenck, Bucyrus, for deft.

19102—Phillip Ball v. Julia A. Ball. Stark Appeals. Motion to certify. K. L. Coburn, Salem, for pltf.

19103—Columbus Ry. Power & Light Co. v. Public Utilities Commission. Johnson, Sharp, Scholer & Toland, Columbus, for pltf; C. C. Crabbe, Atty. Gen., John W. Bricker, Columbus, for deft.

## PROCEEDINGS OF
## SUPREME COURT

### WEEKLY REPORT OF
#### CASES DECIDED
#### GENERAL DOCKET
#### FRIDAY, APRIL 24, 1925.

19043. State ex Indust. Com. et, v. Clinton School Dist. et. In Mandamus. Judgment for plaintiff by default. Marshall, C. J., Jones, Matthias, Day Allen & Robinson, JJ., concur. Dock. 3-26-25, 3 Abs. 214.

#### TUESDAY, APRIL 28, 1925.

18518. E. E. Drew v. Edward J. Gross. Error to Seneca Appeals. Judgment reversed. Marshall, C J., Jones, Matthias, Day, Allen, Kinkade, Robinson, JJ., concur. Dock. 4-16-24, 2 Abs. 290.

18755. Red Ball Transit Co. v. Pub. Util.

Com. Error to Commission. Order affirmed. Jones, Matthias, Allen, Kinkade and Robinson, JJ., concur. Dock. 8-13-24, 2 Abs. 498.

18766. W. G. Richards v Charles Stratton. Error to Highland Appeals. Judgment reversed. Marshall, C. J., Jones, Matthias, Day, Allen, Robinson, JJ., concur. Kinkade took no part in the case. Dock. 8-23-24, 2 Abs. 531.

19039. State ex Cherrington, Pros. Atty. v. John C. Hutsinpiller. In Quo Warranto. Judgment of Ouster. Marshall, C. J., Jones, Matthias, Day, Allen and Robinson, JJ., concur. Kinkade, J., took no part in the case. Dock. 3-25-24, 3 Abs. 214.

## MOTION DOCKET
### FRIDAY, APRIL 24, 1925.

19070. Jason Adkins v. State. Motion to file pet. err. to Scioto Appeals. Overruled. Dock. 4-3-25. 3 Abs. 233.

### TUESDAY, APRIL 28, 1925

18933. Louisville & Nashville Rd. Co. v. Dora E. Green, Admrx. Motion to Hamilton Appeals to certify. Allowed. Dock. 2-2-25. 3 Abs. 82; OS. Pend. 3 Abs. 166

18985. Martin Knudson v. State. Motion to file pet. err. to Wood Appeals. Overruled. Dock. 2-28-25. 3 Abs. 146. OS. Pend. 3 Abs. 105.

18985. Martin Knudson v. State. Motion to Wood Appeals to certify Overruled. Dock. 2-28-25. 3 Abs. 146. OS. Pend. 3 Abs. 105.

18985. Martin Knudson v. State. Motion to dismiss pet. err. filed as of right. Dismissed. Dock. 2-28-25. 3 Abs. 146. OS. Pend. 3 Abs. 105.

18990. Frank D. Foti v. John Lewis, etc. Motion to Summit Appeals to certify. Overruled Dock. 3-2-25. 3 Abs. 146. OA. 3 Abs. 69.

18990. Frank D. Foti, etc. v. John Lewis, Admr. Motion to strike motion to certify from files. Overruled. OA. 3 Abs. 69. Dock. 3-2-25. 3 Abs. 146.

18992. H. H. Emmons v. Mack Hopkins. Motion to Stark Appeals to certify. Overruled. Dock. 3-2-25. 3 Abs. 146. OS. Pend. 3 Abs. 215.

18994. James McKee Robinson, etc., v. J. J. Robinson et. Motion to Putnam Appeals to certify. Allowed. OA. 3 Abs. 226. Dock. 3-3-25. 3 Abs. 146.

18997. Cleveland Structural Steel Co. v. John Borowiak. Motion to Cuyahoga Appeals to certify. Overruled. Dock. 3-6-25. 3 Abs. 162.

18998. Ohio Savings Bank & Trust Co. v. John C. Kienle, Admr. Motion to Lucas Appeals to certify. Overruled. Dock. 3-6-25. 3 Abs. 162; OA. 3 Abs. 230.

19003. Colonial-Taylor Imp. Co. v. Harry Barnett et al. Motion to Cuyahoga Appeals to certify. Overruled. Dock. 3-7-25. 3 Abs. 162. OS. Pend. 3 Abs. 218.

19004. David Hoffman v. Albert E. Dudley. Motion to Cuyahoga Appeals to certify. Overruled. Dock. 3-7-25, 3 Abs. 162.

19004. David Hoffman v. Albert E. Dudley. Motion to strike motion to certify from files. Overruled. Dock. 3-7-25. 3 Abs. 162.

19021. William Howard v. Ida Howard. Motion to Cuyahoga Appeals to certify. Overruled. Dock. 3-16-25, 3 Abs. 184.

19031. William Howard v. Ida Howard. Motion to file to certify out of rule. Allowed. Dock. 3-16-25, 3 Abs. 184.

19032. Blanche L. Hunter v. State. Motion to file pet. err. to Montgomery Appeals. Overruled. Dock 3-20-25, 3 Abs. 198.

---

# Abstracts of Last Week's SUPREME COURT OPINIONS

### No. 433
### SYLLABI

No. 18518—E. E. Drew v. Edward J. Gross. Error to the Court of Appeals, Seneca County.

622. HORSES—Liability of owner of for negligence in turning into defectively fenced field, from which strayed, into highway and collided with auto; question for jury.

ALLEN, J.

1. The owner of a domestic animal is responsible for negligence in its keeping whereby damage is occasioned.

2. It is a question of fact for the jury whether an owner of horses who turns them loose unattended into a field adjacent to a much-travelled highway in the night time, the fence of which field is in such defective condition that the horses may easily stray out onto the highway, could have anticipated that one of the horses would stray out onto the highway and collide with an automobile thereon.

Judgment reversed and cause remanded.

Marshall, C. J., Matthias, Day, Robinson and Kinkade, JJ., concur.

No. 18755—Red Ball Transit Company v. Public Utilities Commission of Ohio. Error to the Public Utilities Commission of Ohio.

1192. TRANSPORTATION—Individual operation does not entitle corporation subsequently organized by him, to certificate of convenience.

ROBINSON, J.

Operation prior to April 28, 1923, by an individual does not inure to the benefit of a corporation thereafter, or at that time, organized by him, so as to entitle it to a certificate of convenience and necessity, as a matter of right upon affidavit.

Order affirmed.

Jones, Matthias, Allen and Kinkade, JJ., concur.

---

### No. 434

No. 18766—W. G. Richards v. Charles Stratton. Error to the Court of Appeals of Highland County.

829. NEGLIGENCE—1. Agent who undertakes particular work for another liable for injury to him.

2. Pedestrian going unknowingly through an unsafe alley, instead of by a longer sidewalk, does not contribute to injury.

3. In action for damages for violation of an ordinance, it must be plead and proven.

MATTHIAS, J.

1. One who, though an agent of another, undertakes and enters upon a particular work is required to exercise ordinary care in the manner of executing it and if he negligently injures another is liable for the damage sustained.

2. A pedestrian cannot be charged with contributory negligence in going through a public alley of a municipality which is in an unsafe condition instead of taking a longer but safer course over the sidewalk to reach his destination, if he has no knowledge of the conditions which render such alley unsafe for travel.

3. In an action for damages predicated upon the claimed violation of a municipal ordinance,